**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **SOFIA RAMIREZ,**<br>        Plaintiff, | |
| **VS.** | **CASE NO.:** ___6:23-cv-00160___ |
| **BOULDEN CORP.,**<br>**BOULDEN & LAWSON, LLC,**<br>**ABB MOTORS AND MECHANICAL INC.,**<br>**BOSCH REXROTH CORP.,**<br>**CUTLER HAMMER IDT, INC.,**<br>**DAYTON ELECTRIC MAUFACTURING CO.,**<br>**and, SIEMENS CORPORATION**<br>        Defendants. | |

**PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY**

TO THE HONORABLE JUDGE OF SAID COURT:

   Plaintiff, SOFIA RAMIREZ., by and through counsel, and respectfully brings this proceeding for damages against Defendants BOULDEN CORP., BOULDEN & LAWSON, LLC; ABB MOTORS AND MECHANICAL, INC.; BOSCH REXROTH CORP.; CUTLER HAMMER IDT, INC.; DAYTON ELECTRIC MANUFACTURING CO.; AND SIEMENS CORPORATION and would show unto the Court as follows:

**I.**
**PARTIES**

   1.    Petitioner, SOFIA RAMIREZ., is an individual who resides in Jacksonville, Cherokee County, Texas. For purposes of this litigation, Sofia Ramirez has granted legal power of attorney to her adult son, Claudio Salazar. Claudio Salazar is, therefore, Sofia Ramirez's acting legal agent, for purposes of this litigation. Mr. Salazar is also an individual who resides in Jacksonville, Cherokee County, Texas

   2.    ABB MOTORS AND MECHANICAL INC. is a Missouri corporation with its principal location in Cary, North Carolina and is registered to do business in the state of Texas.   Upon

information and belief, this Defendant was involved in design, manufacture, and/or distribution of the machinery product at issue, including one or more of its component parts. ABB MOTORS AND MECHANICAL INC. may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3.      BOSCH REXROTH CORP. is a Pennsylvania corporation with its principal location in Broadview, IL and is registered to do business in the state of Texas.  Upon information and belief, this Defendant was involved in design, manufacture, and/or distribution of the machinery product at issue, including one or more of its component parts under its former name Mannesmann Rexroth. BOSCH REXROTH CORP. may be served with process by serving its registered agent: CSC – Lawyers Incorporating Service Co., 701 Brazos, Ste. 1050, Austin, Texas 78701.

4.      BOULDIN CORP. is a Tennessee corporation with its principal location in Morrison, Tennessee.  Upon information and belief, this Defendant was involved in design, manufacture, and/or distribution of the machinery product at issue, including one or more of its component parts. BOULDIN CORP. may be served with process by serving its registered agent: William S. Martin, 195 MT View Industrial Dr., Morrison, TN 37357.

5.      BOULDIN & LAWSON, LLC. is a Tennessee corporation with its principal location in McMinnville, Tennessee.   Upon information and belief, this Defendant was involved in design, manufacture, and/or distribution of the machinery product at issue, including one or more of its component parts. BOULDIN & LAWSON, LLC. may be served with process by serving its registered agent: William S. Martin, 195 MT View Industrial Dr., Morrison, TN 37357.

6.      CUTLER-HAMMER IDT, INC. is an Ohio corporation with its principal location in Cleveland, Ohio and is registered to do business in the state of Texas.  Upon information and belief, this Defendant was involved in design, manufacture, and/or distribution of the machinery product at issue, including one or more of its component parts. CUTLER-HAMMER IDT, INC. may be served

with process by serving its registered agent: Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701

7.    DAYTON ELECTRIC MANUFACTURING CO. is an Illinois corporation with its principal location in Springfield, Illinois.  Upon information and belief, this Defendant was involved in design, manufacture, and/or distribution of the machinery product at issue, including one or more of its component parts.  DAYTON ELECTRIC MANUFACTURING CO. may be served with process by serving its registered agent: Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

8.    SIEMENS CORPORATION is a Delaware corporation with its principal location in New York, New York and is registered to do business in the state of Texas.  Upon information and belief, this Defendant was involved in design, manufacture, and/or distribution of the machinery product at issue, including one or more of its component parts.  SIEMENS CORPORATION may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## II.
## JURISDICTION AND VENUE

9.    This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). No Defendant is a citizen of the same state as Plaintiff, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.    Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because the acts or omissions giving rise to within claims occurred within the district and products manufactured are distributed by Defendants, including the product that is the subject of this case, are routinely sold within the Eastern District of Texas.

### III.
### FACTS SUPPORTING PLAINTIFF'S CLAIMS

11.     On or about December 18, 2021, Ms. Ramirez was at work as an employee at Altman Specialty Plants when she sustained a permanent and debilitating injury to her arm. At the time of her injury, Ms. Ramirez was working on the assembly line at a conveyer belt for a piece of machinery. The below photographs of the machine at issue were included in Ms. Ramirez's workers compensation file. The logos or other identifying information for each of the Defendants included herein appeared on the machine at issue, were photographed by the worker's compensation investigator, and are included below.

















12.     Due to the severity of Ms. Ramirez's injuries, her arm required amputation. Since the date of her injuries, Ms. Ramirez has undergone numerous surgeries, countless doctors' appointments, and months of physical therapies and rehabilitation services. While Ms. Ramirez has made some improvement, she unfortunately suffered permanent, debilitating injuries that have had and will continue to significantly impact her life.

## IV.
### CAUSES OF ACTION

### COUNT 1: STRICT LIABILITY – DESIGN DEFECT
### AGAINST ALL DEFENDANTS

13.     The Plaintiff incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

14.     At all material times hereto, Defendants were the designers, manufacturers, distributors

and/or sellers of the machine at issue ("the Machine"). For purposes of this petition, "the Machine" refers to the completed product and all of its relevant component parts.

15.    The Machine at issue in this suit was designed, manufactured, constructed, marketed, and/or distributed by and/or through the agents and/or representatives of Defendants.

16.    Defendants regularly engaged in the business of supplying or placing products like the Machine in question, into the stream of commerce for use by the consuming public, including Plaintiff.

17.    The subject Machine was defectively designed, manufactured, promoted, tested, assembled, planned, engineered, constructed, built, inspected, marketed, distributed, and sold. The Machine was in a defective and unreasonably dangerous condition at the time it was sold to Altman Plants.

18.    At the time the Machine was placed into the stream of commerce and sold to Altman Plants, it was, or should have been, reasonably expected and foreseeable that it would be used by persons such as Plaintiff in the manner and application in which it was being used at the time of the incident.

19.    The relevant components of the subject Machine were not changed or altered in any material respect from the time it was manufactured and sold by Defendants to the time and place purchased by Altman Plants.

20.    At the time and place of the foreseeable incident, and of distribution and sale by Defendants, the subject Machine and its component parts were defective and unreasonably dangerous for their intended uses.

21.    The unreasonably dangerous nature of the defects created a high probability that the subject Machine could cause severe and permanent personal injuries to persons using the product for its intended purposes.

22.    The risk of injury associated with the Machine greatly outweighs any utility. The likely probability of injury associated with the Machine, and the gravity of such an injury, exceeds any minimal cost, if any, of a safer and reasonably alternative design.

23.    With respect to the design of the Machine, at the time it left the control of Defendants, there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to Plaintiff and other similarly situated individuals. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

24.    At the time the Machine in question left control of Defendants, it was defective and unreasonably dangerous in that it was not adequately designed and marketed to minimize the risk of injury and did not have adequate instructions regarding its use. By way of example and without limitation, the product in question was unreasonably, dangerously defective in at least the following ways:

     a.    The Machine was defectively designed without appropriate safety covers;

     b.    The Machine in question was not properly designed to eliminate the risk and dangers associated with moving machinery (for instance, an automatic stop);

     c.    The Machine in question was not properly designed with sufficient safety measures (for instance, an automatic stop or emergency stop button);

     d.    The Machine in question was defectively designed with an unreachable emergency stop button;

     e.    The Machine in question did not contain adequate instructions or warnings;

     f.    And other defects which will be shown throughout the litigation through the time of trial.

25.    As a direct, producing, and proximate result of the defects in the subject Machine, which was designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, marketed, advertised, distributed, and/or sold by Defendants, Plaintiff has suffered the injuries and damages alleged herein.

26.    To the extent Defendants attempt to rely on any standards or regulations of the Federal Government, such standards or regulations were inadequate minimum standards to protect against the risk of damages and/or injuries that occurred in this case.

27.    Further, as a result of the foregoing acts and omissions, Plaintiff Sofia Ramirez. has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, and past and future medical treatments and expenses.

28.    In performing the foregoing acts and omissions, Defendants acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, to justify an award of punitive and exemplary damages.

## COUNT 2: STRICT LIABILITY – MANUFACTURING DEFECT AGAINST ALL DEFENDANTS

29.    The Plaintiff incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

30.    In addition to the allegations above, Plaintiff brings this product liability action against Defendants for manufacturing defects. At the time the Machine left Defendants' hands, there was a deviation from the design that rendered the Machine unreasonably dangerous. The defects, as noted above, existed at the time it left Defendants' hands, and the defects were the producing cause of Plaintiff's injuries and damages.

31.    As a direct and proximate result of Defendant' placement of the defective Machine into the stream of commerce, Plaintiff Sofia Ramirez experienced and/or will experience severe harmful effects, as discussed at length herein.

32.    Further, as a result of the foregoing acts and omissions, Plaintiff Sofia Ramirez has suffered significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain

and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life.

33.    In performing the foregoing acts and omissions, Defendants acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

## COUNT 3: STRICT LIABILITY – FAILURE TO WARN
## AGAINST ALL DEFENDANTS

34.    The Plaintiff incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

35.    As noted above, there was a substantial risk of harm inherent in the Machine or reasonably foreseeable from the intended or reasonably anticipated use of the Machine.

36.    Defendants knew of, or should have known of, the risk of harm created by the defects in the Machine, as discussed above.

37.    Defendants did not provide adequate warnings or instructions regarding the defects, which rendered the Machine unreasonably dangerous to the ultimate users and consumers, including Plaintiff SOFIA RAMIREZ Defendants' inadequate warning and/or instructions regarding the possible defects were a direct, producing, and proximate cause of Plaintiff SOFIA RAMIREZ's injuries and damages.

38.    The Machine's dangers and defects were known, or should have been known, by Defendants at the time the product was originally placed in the stream of commerce.

39.    Defendants knew, or should have known, of the dangers associated with the Machine, as well as the defective nature of the Machine.

40.    At all times herein mentioned, the Machine was defective, and Defendants knew that it was to be used by the user without inspection for defects therein.

41.    Further, as a result of the foregoing acts and omissions, Plaintiff SOFIA RAMIREZ suffered

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    **Page 13**

significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life.

42.    In performing the foregoing acts and omissions, Defendants acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

**COUNT 4: NEGLIGENCE AND GROSS NEGLIGENCE
AGAINST ALL DEFENDANTS**

43.    Plaintiff herein incorporate by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

44.    Defendants have a duty to manufacture, distribute, and sell products that are not unreasonably dangerous. Defendants, acting by and through their agents and/or representatives, breached this duty and were thereby negligent, careless and reckless in designing, manufacturing, marketing, distributing, and selling of the Machine in question with the defects identified above. As a proximate result of one or more of the aforementioned negligent acts or omissions of Defendants, Plaintiff sustained serious and permanent injuries and damages.

45.    Defendants failed to exercise reasonable care in selling, failing to warn, designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality assurance, quality control, and/or distribution of the Machine into interstate commerce. Defendants knew, or should have known, that the Machine was unsafe and unfit for use by reason of the dangers it posed to its users.

46.    The negligence of Defendants, their agents, servants, and/or employees includes, but is not limited to, the following acts or omissions:

      a.    Negligently designing the Machine in a manner which posed a serious danger to its users;

b.  Designing, manufacturing, producing, creating, promoting, and/or selling the Machine without adequately, sufficiently, or thoroughly testing it;

c.  Failing to adequately and correctly warn Plaintiff and the general public of the dangers associated with the Machine;

d.  Failing to provide adequate and clear instructions regarding use and safety precautions of the Machine;

e.  Negligently representing that the Machine was safe for its intended use, when, in fact, it was unsafe;

f.  Negligently assembling the Machine in a manner which was dangerous to its users;

g.  Negligently producing the Machine in a manner which was dangerous to its users;

a.  And other defects which will be shown throughout the litigation through the time of trial.

47.  Defendants were negligent in the designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing and sale of the Machine in that they:

a.  Failed to use due care in designing and manufacturing the Machine so as to avoid the aforementioned risks to individuals that use the product for its intended purposes;

b.  Failed to accompany their product with proper warnings;

c.  Failed to accompany their product with proper instructions for use;

d.  Failed to conduct adequate testing to determine the safety of the Machine;

e.  Were otherwise careless and/or negligent;

f.  And other defects which will be shown throughout the litigation through the time of trial.

48.  Despite the fact that Defendants knew, or should have known, that the Machine caused harm to individuals, including Plaintiff SOFIA RAMIREZ, that used the product for its intended purpose, Defendants continued to market, manufacture, distribute and/or sell the Machine.

49.  Defendants knew or should have known that consumers such as Plaintiff SOFIA RAMIREZ would suffer foreseeable injury and/or be at increased risk of suffering injury as a result of Defendants'

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                      **Page 15**

failure to exercise ordinary care, as set forth above.

50.    Defendants' negligence was the proximate cause of Plaintiff SOFIA RAMIREZ's physical, mental and emotional injuries and harm, and economic loss which he has suffered and will continue to suffer.

51.    By reason of the foregoing, Plaintiff SOFIA RAMIREZ experienced and/or will experience severe harmful effects including, but not limited to, permanent nerve damage, first and second degree burns to right hand, visible scarring to left hand, excruciating pain in his fingers, hands, forearms, nerve damage, numbness, depression, anxiety and emotional distress, including career ending injuries.

52.    Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, including diminished enjoyment of life.

53.    In performing the foregoing acts and omissions, Defendants acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

54.    Each and all of the foregoing negligent acts and omissions, taken singularly or in combination, constitute grossly negligent conduct on the part of Defendants in that such conduct, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual, subjective awareness of risk involved, yet nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.

## COUNT 5: BREACH OF EXPRESS WARRANTIES
## AGAINST ALL DEFENDANTS

55.    Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                      **Page 16**

56.    At all times mentioned herein, Defendants expressly warranted to Plaintiff SOFIA RAMIREZ and the general public, by and through statements made by Defendants or its authorized agents, or sales representatives, orally and in publications, package instructions and other written materials, that the aforementioned Machine was safe, effective, fit and proper for its intended use.

57.    In utilizing the Machine, Plaintiff SOFIA RAMIREZ relied on the skill, judgment, representations and foregoing express warranties of Defendants. Said warranties and representations were false in that the Machine was not safe and was unfit for the uses for which it was intended. As a result of the foregoing breach of express warranties by Defendant, Plaintiff SOFIA RAMIREZ suffered unnecessary and severe pain and injuries, debilitation, and further damages as alleged herein.

58.    Further, as a result of the foregoing acts and omissions, Plaintiff SOFIA RAMIREZ has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, including diminished enjoyment of life.

59.    In performing the foregoing acts and omissions, Defendants acted fraudulently, and with malice and oppression to justify an award of punitive and exemplary damages.

## COUNT 6: BREACH OF IMPLIED WARRANTIES
## AGAINST ALL DEFENDANTS

60.    Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

61.    Prior to the time that the Machine was used by Plaintiff SOFIA RAMIREZ, Defendants impliedly warranted to Plaintiff SOFIA RAMIREZ that the Machine was of merchantable quality, safe, and fit for the use for which it was intended.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                              **Page 17**

62.    Plaintiff SOFIA RAMIREZ was and is unskilled in the research, design, and manufacture of the Machine, and he reasonably relied on the skill, judgment and implied warranty of the Defendants in using the Machine.

63.    Defendants knew, or should have known, that Plaintiff SOFIA RAMIREZ was using the Machine for a particular purpose, specifically daily cellular telephone use.

64.    The Machine was neither safe for its intended purpose nor of merchantable qualify, as warranted by Defendants, in that it had dangerous propensities when put to its intended use and causes severe injuries to the user.

65.    Defendants, by selling, delivering and/or distributing the defective Machine to Plaintiff SOFIA RAMIREZ, breached the implied warranties of merchantability and fitness for a particular purpose and caused Plaintiff SOFIA RAMIREZ to suffer the damages described more fully herein.

66.    Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain and suffering, and substantial medical costs and expenses.

## V.
## REMEDIES

67.    Plaintiff sustained personal injuries and damages proximately caused by the negligence of Defendants, as set forth above, including but not limited to:

    a)    <u>Medical Expenses</u>: Plaintiff has incurred medical and therapy expenses in the past and will continue to incur medical and therapy expenses in the future. These expenses were incurred for reasonable and necessary care and treatment of these injuries. The charges incurred are reasonable and were the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff also expects to incur medical and counseling expenses in the future in an amount in the jurisdictional limits of this Court.

    b)    <u>Physical Pain and Suffering</u>: Plaintiff has endured severe physical pain and suffering in the past and will continue to endure severe physical pain and suffering in the future.

    c)    <u>Mental Anguish</u>: Plaintiff has endured severe mental anguish in the past and will continue to endure severe mental anguish in the future.

d)  <u>Permanent Disfigurement</u>: Plaintiff has suffered permanent, physical disfigurement in the past and will continue to suffer physical impairment in the future; and

e)  <u>Physical Impairment</u>: Plaintiff has suffered physical impairment in the past and will continue to suffer physical impairment in the future; and

f)  <u>Lost Wages</u>: Plaintiff has suffered lost wages in the past and will continue to suffer lost wages in the future.

g)  Plaintiff seeks exemplary damages based on Defendants' gross negligence.

h)  Plaintiff also claims both pre-judgment and post-judgment interest.

i)  As a result of the above, Plaintiff seeks damages within the jurisdictional limits of the Court for which she seeks recovery from Defendants, Plaintiff states for notice purposes that by this pleading she is claiming any and all damages to which she is entitled under Texas law.

## VI.
## SPOLIATION OF DOCUMENTS & EVIDENCE

68.  Defendants are hereby given further notice that any document or other material, including electronically stored information and physical evidence, that may be relevant to any issue in this case is to be preserved in its present form until this litigation is concluded. Plaintiff alleges that to the extent Defendant has intentionally and/or negligently destroyed documents and other evidence pertinent to this case, Plaintiff requests the Court issue proper sanctions, including an instruction to the jury presuming all things are against the Defendant.

## VII.
## DEMAND FOR JURY TRIAL

69.  Plaintiff hereby demands that a jury of her peers be empaneled to hear and decide the issues presented in this case.

Respectfully submitted,

*/s/ Heather V. Davis*
Heather V. Davis
State Bar No. 24092324
Amy Carter
State Bar No. 24004580
CARTER LAW GROUP, P.C.
633 W. Davis St., Ste. 262
Dallas, TX 75208
Telephone: (214) 390-4173
hdavis@clgtrial.com
amy@clgtrial.com

**ATTORNEYS FOR PETITIONER**